IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY L. COOPER, #277778,
    Plaintiff,

vs.                                                    Case No.: 3:08cv131/RV/EMT

HEIDI E. BREWER, ESQ., et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, commenced this action on March 22, 2008, by filing a pleading entitled "§ 2254 Petition for Writ of Habeas Corpus Relief to be Entertained in the Alternative as Petition for Writ of Mandamus Relief in Part" (Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2).

Upon review of the pleading, it appears that Plaintiff complains of matters relating to the conditions of confinement at Florida State Prison (FSP), namely, that the staff of the mail room at FSP, employees of Defendant Walter A. McNeil, failed to give Plaintiff mail room logs that he requested concerning three large packages of documents he mailed to Defendant Peggy Underbrink, Esq., a private attorney from whom Plaintiff sought legal representation in a civil lawsuit (Doc. 1 at 8–9). Plaintiff also complains that Ms. Underbrink failed to return the documents to him, and Defendant Heidi Brewer, Esq., an attorney employed by The Florida Bar, and the remaining Defendants (unidentified employees of The Florida Bar and Francicso Angones, Esq., President of The Florida Bar) failed to assist Plaintiff in obtaining the documents from Ms. Underbrink (*id.* at 1–9). As relief, Plaintiff seeks an injunction requiring return of the three packages to him, compensatory damages, production of postal records from the United States Postal Service and mail room logs from FSP, and the filing of criminal charges against the mail room staff (*id.* at 4, 8–11).

Based on the foregoing, Plaintiff's allegations should have been presented to the court as a civil rights complaint under 42 U.S.C. § 1983 with pendant state tort claims, and his petition is construed as such.  Further, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.

The in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff is well aware of this section as evidenced by this court's recognition of Plaintiff's status as a "three striker" in Cooper v. Bush, Case No. 4:00cv356/WS/WCS;[1] Cooper v. Branker, Case No. 4:04cv59/WS/WCS;[2] Cooper v. McDonough, Case No. 4:07cv213/MP/WCS;[3] and Cooper v. Crist, Case No. 3:07cv329/MCR/MD.[4]  As set forth in the Report and Recommendation in Case Number 4:04cv59, Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, namely:  Case Number 3:00cv135 (dismissed as malicious), Case Number 3:00cv51 (dismissed as malicious), Case Number 4:98cv197 (dismissed as frivolous), and Case number 3:00cv89 (dismissed as malicious for abuse of the judicial process), each of which were filed in the Northern District of Florida.  Plaintiff was incarcerated at the time he filed these cases.[5]

Thus, by the time Plaintiff brought the instant action, he knew that he had three strikes and could not proceed in forma pauperis.  Plaintiff's allegations in the instant complaint do not entitle

---

[1] *See* Docs. 10, 18 and 19 in that case.

[2] *See* Docs. 4 and 5 in that case.

[3] *See* Doc. 3 in that case.

[4] *See* Doc. 3 in that case.

[5] These cases may be positively identified as having been filed by Plaintiff because they bear his DOC (Department of Corrections) number:  277778.

him to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding.  *See* Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court).  Allowing amendment of the complaint would be futile, as no amendment filed at this juncture can overcome the fact that when Plaintiff filed this suit, there was nothing in the complaint/petition that might properly be construed as constituting an allegation that the challenged conduct posed an imminent or ongoing danger of serious physical injury to Plaintiff.  If Plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

Because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case must be dismissed under § 1915(g).  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of April 2008.

>*/s/ Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:08cv131/RV/EMT

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).